# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KONINKLIJKE PHILIPS ELECTRONICS
N.V., a Netherlands corporation,

               Plaintiff,

vs.

KXD TECHNOLOGY, INC., et al.,

               Defendants.

Case No.  2:05-cv-01532-RLH-GWF

**ORDER**

This matter is before the Court on Plaintiff Koninklijke Philips Electronics N.V.'s ("Philips") Motion to Compel Discovery from Defendants KXD Technology, Inc., KXD Digital Entertainment, Ltd., Astar Electronics, Shenzhen KXD Multimedia Co., Ltd., Shenzhen Kaixinda Electronics Co., Ltd.; and Jingyi Luo ("KXD Defendants") (#458), filed on November 30, 2006; the KXD Defendants' Response to Plaintiff Koninklijke Philips Electronic's Motion to Compel Discovery (#478), filed on December 18, 2006; and Plaintiff's Reply to KXD Defendants' Response to Plaintiff Koninklijke Philips Electronics N.V.'s Motion to Compel Discovery (#507), filed on January 2, 2007.  The Court conducted a hearing on this matter on January 12, 2007.

## BACKGROUND

The facts relating to this motion are essentially identical to those set forth in the Court's *Order* (#568), filed on February 21, 2007 regarding Plaintiff's Motion to Compel Discovery from the Sungale Defendants.  Both the KXD Defendants and Sungale Defendants are represented by the same counsel.  The KXD Defendants' and Sungale Defendants' responses to Plaintiff's discovery requests were

1   identical and the parties' attempts to meet and confer and resolve the discovery dispute were conducted

2   at the same time.  Accordingly, the following provisions of this Order substantially mirror the Court's

3   *Order* (#568).

4          In its Complaint (#1), filed under seal on December 28, 2005, Plaintiff alleges that Defendants

5   are unlawfully using Philips' DVD+RW trademark in connection with the sale and distribution of DVD

6   discs and DVD recorders.  Plaintiff's Complaint alleges causes of action against Defendants for Federal

7   Trademark Infringement and Counterfeiting, 15 U.S.C. § 1114(1); Federal Unfair Competition & False

8   Designation of Origin, 15 U.S.C. § 1125(a); Federal Trademark Dilution, 15 U.S.C. § 1125(c);

9   Deceptive Trade Practices, NRS § 598.0915; and Common Law Trademark Infringement and Unfair

10  Competition.  On January 5, 2006, the Court entered a temporary restraining and seizure order (#39)

11  which temporarily restrained Defendants from using Plaintiff's DVD+RW mark and from destroying or

12  otherwise making unavailable the counterfeit products, promotional and advertising materials, etc., that

13  reproduce, copy, imitate, or bear Plaintiff's DVD+RW mark, and any documents, or tangible things,

14  electronic files, and business records that pertain to the manufacture, sale, offer of sale, distribution,

15  advertising and marketing of the counterfeit products.  The order also authorized the United States

16  Marshal and other law enforcement officers, with the assistance of Philips, to seize and impound all

17  such products, documents and records.  In accordance with the seizure order, Philips seized allegedly

18  infringing products and/or documents from Defendant Sungale's offices on or about January 6, 2006.

19         On March 15, 2006, the Court granted a preliminary injunction (#252) in favor of the Plaintiff.

20  The Court found and concluded that it has jurisdiction over Defendants because they have committed

21  tortious acts in the District of Nevada, that Plaintiff is the exclusive owner of the DVD+RW mark, and

22  the trademark is distinctive of the goods with which they are associated, has gained national public

23  recognition and is therefore a very strong mark.  The Court also found that Defendants have adopted

24  and affixed copies of the DVD+RW mark on the same types of goods with which the DVD+RW mark

25  is associated, but in particular with DVD recorders, DVD computer disc drives and DVD discs.  The

26  Court also found that Defendants are manufacturing, advertising, distributing, offering for sale, or

27  selling products which bear counterfeits of the DVD+RW mark and placing them in commerce in the

28  United States.  *Id.,* pages 2-3.  The Court found and concluded that Plaintiff is likely to succeed on its

2

1    infringement claims against the Defendants.  *Id.,* pages 3-4.  The Court enjoined Defendants from using

2    Plaintiff's DVD+RW mark and also enjoined Defendants from destroying or making unavailable the

3    counterfeit products, promotional and advertising materials and any documents, or tangible things,

4    electronic files, and business records that pertain to the manufacture, sale, offer of sale, distribution,

5    advertising and marketing of the counterfeit products.

6         On August 24, 2006, Plaintiff served on the KXD Defendants its First Set of Interrogatories and

7    Requests for Production of Documents and Things.  On October 6, 2006, the KXD Defendants served

8    their responses to Plaintiff's discovery requests.  For the most part, the Defendants' discovery responses

9    consisted of their general objections and specific objections to each of Plaintiff's requests for

10   production and interrogatories.  Defendants did not produce any documents responsive to Plaintiff's

11   requests.  Following receipt of Defendants' discovery responses, Plaintiff sent Defendants a "meet and

12   confer" letter on November 13, 2006, outlining the alleged invalidity of Defendants' objections and

13   lack of substantive responses or production of documents.  On November 15, 2006, counsel for the

14   parties conducted a telephonic meet and confer conference, which did not resolve the discovery dispute.

15    Counsel for both parties appear to agree that this meet and confer conference consisted primarily of

16   Plaintiff's counsel going through each of Defendants' objections and requesting or demanding that they

17   be withdrawn.  Defendants argue that there was no real meet and confer as contemplated by the rules

18   because there was no discussion regarding the clarification or narrowing of Plaintiff's discovery

19   requests or an agreed-upon process to produce documents in response to more narrowly tailored

20   discovery requests.  As of this date, Defendants have not produced any documents in response to

21   Plaintiff's requests for production of documents.  Defendants did subsequently serve "unverified"

22   supplemental answers to interrogatories which Plaintiff argues are still not sufficient or proper because

23   they are not signed by the party as required by Fed.R.Civ.Pro. 33(b) and because they still fail to

24   provide information responsive to the interrogatories.

25                                    **DISCUSSION**

26        Fed.R.Civ.Pro. 37(a)(2)(B) requires that a motion to compel include a certification that the

27   movant has in good faith conferred or attempted to confer with the person or party failing to make

28   discovery in an effort to secure the information or material without court action.  *See Shuffle Master,*

3

1    *Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996).  In this case, the parties' counsel

2    conducted a five hour meet and confer conference on November 15, 2006.  It does not appear, however,

3    that this conference was conducted by either party in the manner contemplated by the rules to reach an

4    agreement on the scope of Defendants' discovery responses.  *Cotacom Commodity Trading Co. v.*

5    *Seaboard Corp.*, 189 F.R.D. 456, 459 (D.Kan. 1999), states in this regard as follows:

6                    When the dispute involves objections to requested discovery, parties do
                     not satisfy the conference requirements simply by requesting or
7                    demanding compliance with the requests for discovery.  The parties need
                     to address and discuss the propriety of asserted objections.  They must
8                    deliberate, confer, converse, compare views, or consult with a view to
                     resolve the dispute without judicial intervention.  They must make
9                    genuine efforts to resolve their dispute by determining precisely what the
                     requesting party is actually seeking; what responsive documents or
10                   information the discovering party is reasonably capable of producing; and
                     what specific, genuine objections or other issues, if any, cannot be
11                   resolved without judicial intervention.

12          The Defendants, however, have not produced any documents in response to Plaintiff's requests.

13   Nor did they provide verified supplemental answers to interrogatories following the meet and confer

14   conference.  Therefore, although the Court is not convinced that Plaintiff's counsel conferred or

15   attempted to confer with Defendants' counsel in the manner required by Rule 37(a)(2)(B), given the

16   complete lack of production by Defendants, combined with the fact that Defendants have set forth

17   essentially boilerplate objections, the Court is not receptive to Defendants' assertion that Plaintiff did

18   not engage in a meaningful meet and confer conference on November 15, 2006.  Even if Plaintiff

19   intended to file a motion to compel regardless of Defendants' responses, the appropriate action by

20   Defendants would have been to produce relevant and discoverable documents and information,

21   supplement their objections to the extent necessary, and file an appropriate opposition to Plaintiff's

22   motion to compel.

23          Fed.R.Civ.Pro. 26(b)(1) authorizes discovery regarding any matter, not privileged, that is

24   relevant to the claim or defense of any party.  Under Rule 26 (b)(2), however, the court may limit

25   discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or is

26   obtainable from some other source that is more convenient, less burdensome, or less expensive, or that

27   the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the

28   needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake

4

1     in the litigation, and the importance of the proposed discovery in resolving the issues.

2         In *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006), the court

3 recently noted that the purpose of the 2000 amendment to Fed.R.Civ.P. 26(b) was not only to narrow

4 the scope of discovery, but also to address the rising costs and delay of discovery.  Although there is

5 general consensus that the amendments to Rule 26(b) "do not dramatically alter the scope of

6 discovery," the purpose of the amendment was to require a greater degree of scrutiny in weighing the

7 relevance versus the burden of the discovery.  In deciding whether to restrict discovery under Rule

8 26(b)(2), "the court should consider the totality of the circumstances, weighing the value of the material

9 sought against the burden of providing it, and taking into account society's interest in furthering the

10 truth-seeking function in the particular case before the court. (citations omitted.)" *Id.*

11         In this case, Defendants have objected to Plaintiff's discovery requests on grounds that they are

12 irrelevant, vague, ambiguous, unintelligible, overbroad, and unduly burdensome and oppressive.

13 Defendants also object to the requests for production to the extent that Plaintiff requests production of

14 documents that have already been seized by Plaintiff pursuant to the seizure order entered in this case.

15 In addition, Defendants assert objections based on the attorney-client privilege or work-product

16 doctrine, or that they seek proprietary or confidential business information.  Defendants have asserted

17 objections based on the constitutionally protected right of privacy of their employees.

18         The party opposing discovery has the burden of showing the discovery is overly broad, unduly

19 burdensome or not relevant.  *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D.Ind.

20 2000).  To meet this burden, the objecting party must specifically detail the reasons why each request is

21 irrelevant.  *Id.,* citing *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384,387 (N.D. Ill. 1990.).  *Walker v.*

22 *Lakewood Condominium Owners Assoc.,*186 F.R.D. 584, 587 (C.D. Cal. 1999) further states:

23                Boilerplate, generalized objections are inadequate and tantamount to not
making any objection at all.  *See Josephs v. Harris Corp.*, 677 F.2d

24                985,992 (3rd Cir. 1982) ("mere statement by a party that the interrogatory
was 'overly broad, burdensome, oppressive and irrelevant' is not

25                adequate to voice a successful objection"); *Cippollone v. Liggett Group,
Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986) (objecting party must show a

26                particularized harm is likely to occur if the requesting party obtains the
information that is the subject of the particular objections; generalized

27                objections are insufficient).

28     *Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006), further states that

1  boilerplate relevancy objections that do not set forth any argument or explanation why the requested

2  documents are irrelevant are also improper.

3      In this case, the Court has granted Plaintiff a preliminary injunction against Defendants and has

4  found that Plaintiff is likely to succeed on the merits in proving that Defendants have or are infringing

5  on Plaintiff's DVD+RW mark.  *See A & M Records v. Napster, Inc.*, 239 F.3d 1004,1013 (9th Cir.

6  2001).  Although not dispositive as to all objections based on lack of relevancy, the preliminary

7  injunction clearly demonstrates the relevant basis for Plaintiff's discovery requests and further

8  demonstrates that Defendants' "boilerplate" relevancy objections are without merit.  Defendants'

9  discovery responses do not provide any specific argument or explanation for the basis of their relevancy

10  objections to each and every request or for their failure to produce any information or documents in

11  response to Plaintiff's interrogatories and requests for production.

12      In regard to Defendants' objections based on the attorney-client privilege or work-product

13  doctrine, Defendants have not produced any privilege logs regarding documents they claim are

14  privileged.  In *Diamond State Insurance Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D.Nev. 1994), the

15  court stated that the party asserting the attorney-client privilege has the burden of making a *prima facie*

16  showing that the privilege protects the information.  This burden is met by demonstrating that the

17  information adheres to the essential elements of the attorney-client privilege and is generally

18  accomplished by the submission of a privilege log.  A privilege log or affidavits supporting application

19  of the work-product doctrine are also required.  In this case, Defendants did not provide privilege logs

20  or affidavits supporting their privilege claims with their discovery responses.  Nor have Defendants

21  subsequently provided privilege logs or affidavits supporting their generalized objections based on

22  privilege.  The Court, therefore, holds that Defendants' objections based on the attorney-client or work-

23  product privileges are waived.  Finally, as Plaintiff notes in its motion, a stipulated protective order

24  regarding the production of confidential and proprietary information has been entered in this case.

25  Therefore,  Defendants' objection to producing documents based on the proprietary or confidential

26  nature of the requested information are overruled, and Defendants are required to produce relevant

27  documents or information subject to the provisions of the protective order regarding confidential,

28  proprietary or trade secret information.  Defendants' objection regarding the constitutional right of

privacy regarding the identity of their employees is without merit.  No authority for such a claim has been provided and the identification of employees who may have relevant knowledge is clearly discoverable.

Defendants also object to Plaintiff's Requests for Production on the grounds that Defendants should not be required to "re-produce" documents that were previously seized by Plaintiff pursuant to the seizure order.  Defendants state in their Opposition that the seized documents were returned to them in a disorganized state and are no longer in the order that Defendants kept them in the ordinary course of business.  Defendants therefore argue that they would be unduly burdened if they are required to reorganize these documents so that they may again be produced to Plaintiff.

In support of its argument that Defendants should also be required to produce previously seized documents, Plaintiff cites this Court's statements and order during the August 11, 2006 hearing regarding Plaintiff's motion to compel Co-Defendant Norcent Technology and Norcent Holdings, Inc. ("Norcent") to supplement its initial disclosures under Fed.R.Civ.Pro. 26(a).  The Court's order regarding Norcent, however, is distinguishable from the instant motion.  Rule 26(a)(1)(B) requires the disclosing party to produce a copy of, or description by category and location of all documents in its possession, custody, or control that it *may use* to support its claims or defenses. Defendant Norcent's initial disclosures did not provide any documents or description of the specific documents that it intended to use to support its defenses and simply asserted that Plaintiff was in possession of the documents by virtue of the seizure order.  The Court held that Plaintiff was not required to guess which documents Norcent may rely on or use in support of its defense and directed that Norcent produce or provide an adequate description of the documents it may use to support its defense regardless of whether the documents were previously obtained by Plaintiff through the seizure order.  The scope of required disclosures under Rule 26(a)(1)(B), however, is narrower than the scope of relevant discovery under Rule 26(b).  While there may be good reason for requiring a party to produce documents pursuant to a discovery request that have already been obtained by the opposing party through other means, this Court's order regarding Norcent's Rule 26(a) disclosures does not provide the basis for requiring the KXD Defendants to produce documents in response to a Rule 34 request for production that are already in Plaintiff's possession.

**A.**   **Plaintiff's Requests for Production of Documents.**

**1.**   **Requests 1-3.**   Plaintiff's Requests 1 and 2 request that Defendants produce all documents that support each denial in Defendants' answer or that support each affirmative defense in Defendants' answer.   Notwithstanding Defendants' "boilerplate" objections, these requests appear overbroad on their face. *See Kidwilder v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193 (N.D.W.Va. 2000); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kans. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836 (D.Colo. 2006) *6.   Arguably, however, Requests 1 and 2 simply seek production of documents that Defendants may use in support of their denials and affirmative defenses and which Defendants have an affirmative duty to produce under Rule 26(a)(1)(B).   A party who fails to timely make Rule 26(a)(1)(B) disclosures will be barred from using undisclosed documents at trial, on a motion or at a hearing.   Defendants' Rule 26(a) disclosures have not been provided to the Court, and it is, therefore, unknown what documents have been produced or identified by Defendants.   Request No. 3 requests Defendants to produce the documents identified in their initial disclosures, which suggests that Defendants have not produced their Rule 26(a)(1)(B) documents to Plaintiff.

The Court will therefore treat Requests 1-3 as a request for documents that Defendants may use in support of their defense.   This case has been pending more than a year and Defendants have had more than sufficient time in which to identify the documents that they may use in support of their defense.   Defendants are therefore directed to produce all documents which they have an affirmative duty to disclose under Rule 26(a)(1)(B) within 14 days of the date of this order.   Failure to produce such documents will result in the imposition of sanctions which may include an order precluding Defendants from introducing such documents at trial, on a motion, or at a hearing.

**2.**   **Requests 4-10.**   Defendants' objections to these requests are overruled and Defendants are ordered to produce the documents in its possession, custody or control responsive to these requests.

**3.**   **Requests 11, 12.**   The Court finds that these requests are relevant to the issue of willful infringement by Defendants.   The Court notes that documents need not be admissible in order to be relevant and discoverable.   Documents relating to other litigation or enforcement proceedings against Defendants for similar acts of infringement, or U.S. Customs Service rulings or inquiries

8

relating to Defendants and their affiliates are sufficiently relevant to warrant discovery.  Defendants have not made the requisite showing of undue burden that would justify denial of the motion to compel on this ground.   Defendants are ordered to produce relevant documents, if any, responsive to these requests.

    **4.**  **Requests 13- 17.**  Defendants have not addressed these requests in their Opposition and are therefore ordered to produce all documents responsive to these requests.

    **5.**  **Request 18.**  Defendants are ordered to produce representative samples, if available, in compliance with this request.

    **6.**  **Requests 19-27.**  Defendants have not addressed these requests in their Opposition and are therefore ordered to produce all documents responsive to these requests.

    **7.**  **Requests 28-29.**  Plaintiff's request for Defendants' financial statements and tax returns are relevant to the issue of determining the damages attributable to Defendants' alleged infringement.  Defendants assert that they should only be required to produce documents relating to the profits obtained from the infringing products.  In evaluating the damages sustained by the alleged infringement, however, Plaintiff should not be forced to rely on what Defendants selectively identify as relevant financial information.  Under the circumstances of this case, the Court finds that Plaintiff should be able to obtain, review and analyze Defendants' financial records and tax returns in order to make its own determination as to the profits or income that Defendants have generated from their alleged infringement of Plaintiff's trademark.   Defendants are ordered to respond to these requests.

    **8.**  **Requests 30-32, 35.**  Defendants have not addressed these requests in their Opposition.  Accordingly, Defendants are ordered to respond to Requests 30, 31, 32, and 35.

    **9.**  **Request 34.**  The Court holds that Plaintiff's Request 34 for all documents Defendants intend to introduce at trial is governed by Rule 26(a)(3)(C).  Such documents do not have to be disclosed during the initial discovery period.  Plaintiff's motion to compel responses to Request 34 is denied.

    **10.**  **Requests 36-48.**   Defendants object to these requests on the grounds that they seek documents relating to DVD records beyond the accused products or products bearing the "Trademark-In-Suit."  Plaintiff argues that most of the infringing DVD recorders are manufactured in

1   China and then imported into the United States.  Plaintiff argues that it needs to conduct discovery

2   regarding documents relating to Defendants' DVD recorders to determine the full scope of the

3   infringement.  Although the requested discovery is broad, the Court finds that it is relevant to Plaintiff's

4   claims and the Court therefore orders Defendants to produce documents responsive to these requests.

5          Defendants are ordered to provide proper responses to requests for production of documents

6   within 14 days of the date of this order.  In regard to the production of documents that were previously

7   seized from Defendants, Plaintiff did not respond to Defendants' argument and assertion that the seized

8   documents were returned to it in an unorganized state.  Defendants should not be required to reorganize

9   these documents if they have been disassembled by Plaintiff  from the manner in which they are

10  ordinarily kept in Defendants' business.  The Court, therefore, directs that the previously documents be

11  made available for inspection and copying by Plaintiff within 14 days of the date of this order.  Plaintiff

12  may then determine which documents it already has or those additional documents that it wishes to

13  copy.  Defendants are cautioned, however, to properly segregate the previously seized documents from

14  other documents they are required to produce in response to this Order.  If Defendants cannot do so,

15  then they are ordered to produce all documents requested by Plaintiff regardless of whether some of the

16  documents have previously been seized.

17         It also appears that Plaintiff's requests for production regarding the previously seized documents

18  is to require Defendants to identify any documents contained therein which it may use in support of its

19  defenses.  *See the above discussion regarding Requests 1-3.*  Defendants should identify any such

20  documents contained in the seized documents which it is required to identify pursuant to Rule

21  26(a)(1)(B).

22         **B.    Plaintiff's Interrogatories.**

23              **1.     Interrogatories 1 and 14.**  Interrogatory 1 asks for the identity of all of

24  Defendants' employees during the past four years.  Interrogatory 14 asks for the identity of all persons

25  who participated or are participating in any manner in the design, manufacture, advertising, creation,

26  production, importation, packaging, distribution, sale or offer for sale of each of the ACCUSED

27  PRODUCTS.  These interrogatories are overbroad on their face.  The Court will, therefore, limit the

28  Defendants' answers to these interrogatories to Defendants' officers, directors, key employees; i.e.,

1    managerial employees or department head employees.  The Court will also place a similar limitation on

2    Defendants' answers to Interrogatories 3 and 4 which ask for the identity of persons who operate,

3    manage or control Defendants' website and email files.  It will be a sufficient response to these

4    interrogatories to identify the persons who are responsible for the management of the operation and

5    control of Defendants' website and email files.

6         The Court finds that Defendants' objections in its initial responses to Plaintiff's other

7    Interrogatories (which have been provided to the Court) are without merit.  These interrogatories seek

8    relevant information and Defendants are required to provide full and complete answers to them.  The

9    Court has not been provided with Defendants' unverified supplemental interrogatory answers.

10   Fed.R.Civ.Pro. 33(b)(1) requires that each interrogatory shall be answered separately and fully in

11   writing under oath.  Rule 33(b)(2) provides that the answers shall be signed by the party making them.

12   Defendants are therefore required to provide verified answers to interrogatories signed under oath by

13   the party.  Defendants are ordered to provide verified answers to interrogatories within 10 days of the

14   date of this order.

15        **C.    Plaintiff's Request for Audit at Defendants' Expense.**  Plaintiff has not demonstrated

16   in its Motion to Compel that the Court should order an audit of Defendants' records at Defendants'

17   expense at this time.  This request is denied, without prejudice.

18        **D.    Plaintiff's Request for Sanctions.**  As this Court stated in its order regarding Plaintiff's

19   motion for sanctions against the Amoi Defendants, it does not appear to the Court that Plaintiff engaged

20   in a meet and confer conference in compliance with the requirement and spirit of Rule 37(a)(4) as

21   described in *Cotacom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D.Kan. 1999).

22   Given the KXD Defendants' failure to produce any documents in response to Plaintiff's request for

23   production or to provide responsive and verified answers to interrogatories, and their failure to provide

24   any reasonable justification for not providing any discovery responses, the Court finds that it was

25   necessary for Plaintiff to file its motion to compel and that an award of sanctions is appropriate in this

26   case pursuant to Fed.R.Civ.Pro. 37(a)(4)(A).  In determining an appropriate amount of sanctions in this

27   case, however, the Court will take into consideration the fact that Plaintiff appears to have made no real

28   attempt to resolve the discovery dispute by engaging in a real exchange of views with Defendants

1   regarding the discovery it sought.  The manner in which Plaintiff conducted the meet and confer

2   conference probably doomed any prospect that such conference might otherwise have had in resolving

3   the parties' discovery dispute.

4          Because Plaintiff's Motion to Compel Discovery from the KXD Defendants is substantially

5   identical to its Motion to Compel Discovery from the Sungale Defendants, the Court will not grant

6   Plaintiff duplicative attorney's fees and costs incurred in preparing and litigating essentially identical

7   motions.  Presently pending before the Court is *Plaintiff's Application for Fees and Costs Relating to*

8   *Plaintiff's Motion to Compel Discovery From Defendants Sungale Group, Inc.; Sungale Electronics*

9   *(Shenzhen), LTD.; and Amoisonic Electronics, Inc.* (#577), filed March 5, 2007.  Prior to granting

10  Plaintiff's applications for fees and costs against the KXD Defendants and Sungale Defendants, the

11  Court requires that Plaintiff clarify or supplement its applications for fees and costs to ensure that

12  duplicate fees and costs are not being requested.

13         **IT IS HEREBY ORDERED** that Plaintiff Koninklijke Philips Electronics N.V.'s Motion to

14  Compel Discovery from Defendants KXD Technology, Inc., KXD Digital Entertainment, Ltd., Astar

15  Electronics, Shenzhen KXD Multimedia Co., Ltd., Shenzhen Kaixinda Electronics Co., Ltd.; and Jingyi

16  Luo (#458) is **granted** in accordance with the foregoing provisions of this Order.

17         **IT IS FURTHER ORDERED** that Defendants are to provide proper responses to requests for

18  production of documents within 14 days of the date of this order.

19         **IT IS FURTHER ORDERED** that Defendants are to serve responsive supplemental answers to

20  interrogatories within 10 days of the date of this order.

21         **IT IS FURTHER ORDERED** that Plaintiff is directed to file its application for fees and costs

22  relating to the motion on or before **March 20, 2007**.  Defendants' response to the application for fees

23  and costs is due on or before **March 28, 2007**.  Any reply by Plaintiff shall be due on or before **April 2,**

24  **2007**.  Accordingly,

25         DATED this 8th day of March, 2007.

26

27                                                  _____

28                                                  GEORGE FOLEY, JR.
                                                    U.S. MAGISTRATE JUDGE

                                              12