# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KONINKLIJKE PHILIPS ELECTRONICS
N.V., a Netherlands corporation,

          Plaintiff,

vs.

KXD TECHNOLOGY, INC., et al.,

          Defendants.

Case No. 2:05-cv-01532-RLH-GWF

**ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION WITH RESPECT TO DEFENDANTS' PRODUCTION OF DOCUMENTS (#580)**

This matter is before the Court on Plaintiff's Emergency Motion for Clarification of the Court's Orders With Respect to Defendants' Production of Documents (#580), filed March 9, 2007. The Court ordered that Defendants file their responses, if any, to Plaintiff's Emergency Motion on or before March 16, 2007. *See Minute Order in Chambers* (#586), March 13, 2007. The KXD and Sungale Defendants filed their Response to Philips' Emergency Motion for Clarification of the Court's Orders With Respect to Defendants' Production of Documents (#590) on March 16, 2007. The Amoi Defendants did not file a response.

## BACKGROUND

The Court previously granted Plaintiff's Motion to Compel Discovery from the Sungale and KXD Defendants. *See Orders* (#568) and (#581)[1]. The Court also granted Plaintiff's Motion to Compel Discovery from the Amoi Defendants. *See Order* (#567). Plaintiff's Emergency Motion for

---

[1] The Court's order (#581) regarding the KXD Defendants was filed after Plaintiff's Emergency Motion (#580). The Court's order regarding the KXD Defendants is substantially identical to its order (#568) regarding the Sungale Defendants and, as evidenced by the Sungale and KXD's Response (#590), the issues regarding the responses of the KXD and Sungale Defendants are the same.

Clarification of the Court's Orders (#580) asks the Court to clarify its orders in regard to whether the Defendants are required to produce documents that were previously seized from Defendants pursuant to the Court's January 5, 2006 and April 10, 2006 seizure orders (#39 and #301). Plaintiff's concern, as stated in its Emergency Motion (#580), is that in producing documents in response to the Court's orders, Defendants will not produce any documents previously seized pursuant to the seizure orders and will respond, if at all, by reviewing and producing only records that were not previously seized from Defendants. Plaintiff's second concern is that Defendants' production of the documents be organized in response to the categories of documents requested in Plaintiff's requests for production and as ordered by the Court, and that Defendants not be permitted to simply produce to Plaintiff an unorganized body of electronic or paper records which the Plaintiff would then be required to search through in an effort to locate documents responsive to particular requests to which the Court ordered that Defendants respond.

**A. Sungale and KXD Defendants:**  The Sungale and KXD Defendants respond to Plaintiff's Emergency Motion (#580) by stating that the Court's previous orders are clear and require no clarification and that Plaintiff is simply seeking reconsideration of the Court's orders in the guise of a request for clarification. In their substantive response to Plaintiff's Emergency Motion, the KXD Defendants have attached a Declaration of Jun Liu, the general counsel for the KXD Defendants, who states that on April 11, 2006 agents of the Plaintiff seized thousands of pages of documents from Defendants and also copied thousands of electronic files from KXD's computer server and hard drive. KXD claims that in the process of the seizure, Plaintiff's agents shut down KXD's computer server which caused many documents to be lost and that nearly one year after the seizure, KXD is still attempting to restore its server and presumably recover electronic documents that were lost during the seizure. KXD further states that the paper documents that were seized were later returned by Plaintiff's agents in a completely disorganized and mixed condition. The KXD Defendants claim that their employees "did their best to locate and restore their documents to their original order, but it is still not known if all of the documents seized were in fact returned." *Declaration of Jun Liu* (#590), ¶ 6.

The Sungale Defendants make similar assertions in the Declaration provided by Qin Zhang, who is identified as the manager of Sungale Group, Inc. and Amoisonic Electronics, Inc. *Declaration of Qin*

1  *Zhang* (#590). Mr. Zhang states that on January 6, 2006, Plaintiff's agents seized thousand of pages
2  from the offices of Sungale Group, Inc. and Amoisonic Electronics, Inc. and also copied thousands of
3  electronic files from the companies' computer server and computer hard drives. Mr. Zhang also claims
4  that the seized paper documents were subsequently returned in a disorganized manner and that the
5  documents have still not been reorganized as they were originally kept. The Sungale Defendants also
6  claim that during the seizure, Plaintiff's agents damaged one of the computer server's hard drives and
7  the hard drive of a sales' manager's computer and that "[m]any files on those hard drives have been lost
8  [and] the companies have not been able to recover them." *Declaration of Qin Zhang* (#590), ¶¶ 3-4.
9       Notwithstanding the alleged condition of the seized documents that were returned to them and
10 the damage allegedly sustained to their computer hard drives during the seizures of their electronic
11 records, the Sungale and KXD Defendants state in their response that: "Each of the parties subject to
12 Plaintiff's seizure reviewed documents that were seized by Plaintiff and made no effort to omit any
13 seized documents from its production of response documents to Plaintiff." *Response* (#590), page 7.
14 Defendants state that "Plaintiff is in possession of a wider and better organized range of defendants'
15 documents than defendants themselves due to the manner in which the seizure was conducted and
16 returned. Nevertheless, the defendants have already reviewed and produced responsive documents and
17 will review and produce responsive documents regardless of whether or not they have been previously
18 seized by Plaintiff. Plaintiff's motion is therefore moot." *Response* (#590), pages 7-8.
19     **B. Amoi Defendants:** Plaintiff states in its Emergency Motion (#580) that the Amoi
20 Defendants have not produced a single document in response to Plaintiff's request for production or the
21 Court's Order (#567). The Amoi Defendants have not filed a response to Plaintiff's Emergency Motion
22 (#580).

### DISCUSSION

24      Based on Plaintiff's Motion for Clarification of the Court's Orders With Respect to Defendants'
25 Production of Documents (#580) and the Sungale and KXD Defendants' Response (#590), the Court
26 concludes that its orders as to the Sungale and KXD Defendants (#568 and #581) and its order (#567)
27 regarding the Amoi Defendants require some clarification and further orders. In particular, the Court's
28 previous orders require clarification regarding Defendants' duty to properly organize and identify the

documents they produce in response to the Court's orders and whether Defendants are required to produce documents even if the same documents were previously seized from Defendants pursuant to the seizure orders.

Fed.R.Civ.Pro. 34(b) provides that a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. As this Court stated in *Residential Constructors, LLC v. Ace Property and Casualty Insurance Co.*, 2006 WL 1582122 (D.Nev.) *2, the provision that a party may produce records in the manner they are kept in the usual course of business was intended primarily for the protection of the discovering party to prevent deliberate "shifting of the materials from the sequence in which they were originally kept to somewhere else." *In re Adelphia Communications Corp.*, 338 B.R. 546, 553 (S.D.N.Y. 2005), citing 8A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2213.

Thus, a party producing voluminous documents in response to a request for production should reasonably organize, label or index the produced documents to correspond with the categories in the request. *Residential Constructors, LLC*, *supra*. This requirement ensures that documents responsive to a particular request are identified in response to that request and can be reasonably accessed in the document production. A party who produces voluminous documents in no apparent order does not comply with Rule 34. *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610-11 (D.Neb. 2001); *Stiller v. Arnold,* 167 F.r.d. 68, 70-71 (N.D.Ind. 1996). If the party produces its records in the manner they are kept in the usual course of its business, then it should identify the documents with an appropriate index or references to the document numbers corresponding to the specific requests. A party who fails to maintain its business records in an organized state, cannot rely on its own lack of organization to dump records on the discovering party and simply advise it to go search for what it is seeking. *Residential Constructors, LLC, supra*. This applies to documents that are produced electronically or in paper format.

Pursuant to Plaintiff's motions for seizure orders, the Court ordered the United States Marshal or other law enforcement officers, with the assistance of the Plaintiff, to seize Defendant's physical documents and electronic records relating to Defendant's allegedly infringing activities. The orders

further directed that Plaintiff act as custodian of the seized records. The seizure orders provided that all items seized be made available for inspection and inventory by the Defendants. The seizure orders were entered to obtain and preserve evidence. Obviously, Plaintiff is not a disinterested custodian of the seized records and has used, and in the future is likely to use, seized records in support of its claims against Defendants. It is also not disputed that the Defendants retained the possession, custody and control of their computer servers and hard drives. Nor is it disputed that Plaintiff or the Marshal subsequently returned the originals of Defendants' seized physical (paper) documents to them.

The fact that the discovering party has already obtained requested records does not *per se* eliminate the responding party's obligation to produce those same records in response to a request for production. As the court states in *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004), "[a]n important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed– perhaps paving the way for a summary judgment motion–and what facts must be resolved at trial." Of course, if the seized records were in an organized and indexed condition to which all parties could refer, the avoidance of undue burden and expense would justify allowing the responding party to simply reference the particular seized records in its responses. The records seized by Plaintiff in this case have apparently not been organized or indexed such that Defendants can reference the index of seized documents in responding to Plaintiff's requests for production.[2]

Although it would have been conceivably possible for the Plaintiff to organize and index all of the seized computer and physical records for later use in this litigation, the Court does not view the seizure orders as shifting from Defendants to Plaintiff the responsibility for organizing and indexing Defendants' business records for purposes of Defendants' responses to subsequent requests for production served by Plaintiff. It would be unreasonable to impose on the Plaintiff the burden and

---

[2] *See In re Amato*, Not Reported in F.Supp.2d, WL 1429743 (D.Me.), *citing In re Grand Jury Subpoenas Duces Tecum Dated January 30, 1986*, 638 F.Supp. 794, 795-96 (D.Me. 1986) in which the movant initially located, organized and produced records subpoenaed by the government. The government offered to allow movant to respond to a later subpoena by indicating the Bates-stamped numbers of previously produced documents without being required to reproduce the same documents in response to a later subpoena.

expense of organizing and indexing Defendants' records where the Defendants have the obligation to maintain and produce their business records in an organized and identifiable manner.

Absent evidence that the seizure of Defendants' records materially prevents them from producing relevant and responsive records in an organized manner, the burden remains with Defendants to locate, organize and identify records produced in response to Plaintiff's request for production of documents. The Sungale and KXD Defendants argue that the paper records seized from them respectively on January 6, 2006 and April 11, 2006 were returned in a disorganized state and that the hard drives of their computers were damaged by Plaintiff's agents during the execution of the seizure order and that some electronic documents on the hard drives were lost and have yet to be retrieved. The Court views these contentions with a substantial degree of skepticism.

First, Plaintiff's Emergency Motion (#580) states that 2 boxes consisting of physical documents were seized from the Sungale and KXD Defendants, respectively. *See Emergency Motion* (#580), page 2. Defendants state in their Response (#590) that "thousands of pages" of physical documents were seized, but do not otherwise provide the Court with any information that the volume of seized physical documents exceeds two boxes of documents for each Defendant. Even assuming that these documents were returned in a completely disorganized condition, it would not have taken Defendants more than a few days, or perhaps even a few hours, to reorganize the documents, identify any potentially missing documents and respond to Plaintiff's requests for production. Because the documents are the Defendants' own records, Defendants presumably have an equal, if not greater, ability to reorganize the documents in their proper order and determine what, if anything, is potentially missing. Furthermore, Plaintiff's requests for production were served in August 2006 and Plaintiff filed its motions to compel in November 2006. The Defendants, therefore, have had several months in which to reorganize their seized physical documents and respond to Plaintiff's requests for production. Under these circumstances, the Sungale and KXD Defendants' argument that they should not be responsible for reorganizing and producing relevant physical documents previously seized by Plaintiff or its agents is without merit.

In regard to Defendants' electronic files, Plaintiff's Emergency Motion (#580) states that the equivalent of approximately 300 boxes of documents, consisting of 771,657 pages were seized from the

1  KXD Defendants and that the equivalent of 10 boxes consisting of 30,844 pages were seized from the
2  Sungale Defendants.  *Emergency Motion* (#580), page 2.  Both Defendants claim that the hard drives of
3  their computers were damaged during the seizure of their records and an undisclosed number of
4  computer documents or files  have been lost and have not yet been retrieved by Defendants.  Neither the
5  declaration of KXD's general counsel, Mr. Zhang, or Sungale's manager, Mr. Liu, indicates that
6  Defendants' computer servers or computers have been rendered inoperable.  Nor does either Defendant
7  or declarant provide specific information by qualified computer technicians regarding the nature of the
8  damage allegedly sustained to Defendants' computer hard drives, or the extent to which electronic
9  documents have been lost or destroyed, or what technical efforts have been made to recover or restore
10 data that was allegedly damaged or lost during the seizures of the computer hard drives.

11       The Court cautions that it has the power to appoint a neutral computer forensic expert as a
12 special master to inspect, investigate and assess any alleged damage to the Defendants' computer
13 servers or hard drives to determine whether any relevant electronic data has been destroyed or lost as a
14 result of the imaging of their computers during the seizures and, if so, whether such data is irretrievable.
15 Depending on what such an investigation reveals and the circumstances warrant, the Court may impose
16 the costs of such a forensic investigation on the Plaintiff or the Defendants.  *See Antioch Co. v.*
17 *Scrapbook Borders, Inc.*, 210 F.R.D. 645, 652-53 (D.Minn. 2002); *Simon Property Group L.P. v.*
18 *mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D.Ind. 1999); *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d
19 1050, 1053 (S.D.Cal. 1999).  The Court further cautions the Defendants that it may impose severe
20 sanctions pursuant to Rule 37(b)(2), including the severe sanction of striking Defendants' answers and
21 entering their default for the willful or bad faith violation of the Court's orders if it is determined that
22 the Defendants have falsely claimed that their computer records were destroyed or lost as a result of the
23 execution of the seizure orders.

24       The KXD and Sungale Defendants have not provided credible evidence that they are unable to
25 locate and produce relevant records that the Court has ordered them to produce.  Moreover, neither
26 Defendant addresses the issue of whether they have other relevant electronic or physical (paper)
27 records, not subject to the seizures, which are located in the United States, China, or elsewhere.
28 Accordingly, the Court finds that Defendants have not shown that they are unable to produce physical

1  (paper) or electronic documents responsive to Plaintiff's requests for production of documents that the
2  Court has ordered them to produce.
3      The Court takes at face value the KXD and Sungale Defendants' statements that,
4  notwithstanding the disorganization of the physical records seized by Plaintiff's agents and the alleged
5  damage to their computer servers and hard drives, they have produced and are producing documents to
6  Plaintiff in compliance with the Court's previous orders regardless of whether the same documents
7  were previously seized pursuant to the seizure orders. So long as the Defendants produce documents in
8  accordance with their representations and properly organize and identify their documents in compliance
9  with this Order, no further action by the Court should be necessary.
10     According to the Plaintiff, the Amoi Defendants have not produced any documents in response
11 to the Court's order to compel (#567). Nor have the Amoi Defendants filed a response to the Plaintiff's
12 Emergency Motion (#580). Accordingly,
13     **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Clarification of the Court's
14 Orders With Respect to Defendants' Production of Documents (#580) is **granted** as follows:
15     1.    The KXD and Sungale Defendants are hereby ordered to produce documents to Plaintiff
16 in compliance with the Court's Orders #568 and #581 regardless of whether the produced documents
17 were previously seized pursuant to the seizure orders entered in this action.
18     2.    Defendants shall organize and label the produced documents to correspond with the
19 categories in the request. If Defendants produce documents in the manner in which they are kept in the
20 ususal course of Defendants' businesses, Defendants shall number the documents and/or provide an
21 index of the documents that correspond to the particular requests for production to which they apply.
22     3.    In the event that Defendants claim that they cannot produce relevant documents because
23 they have been destroyed or lost due to damage to their computer servers or hard drives which occurred
24 during the seizure of the documents pursuant to the seizure orders, Defendants shall provide
25 declarations by qualified computer technicians or forensic experts describing with particularity the
26 nature and extent of the damage to their computer servers or hard drives, identify, if possible, the
27 documents or files that have been destroyed or lost, and the technical efforts, if any, undertaken to
28 recover and restore the damaged or lost documents or files. The Court reserves the option to appoint a

1 neutral computer forensic expert as special master to investigate and assess any claim by Defendants that their computer servers or hard drives were damaged during the seizures or that electronic records were lost or destroyed.

4. The Amoi Defendants are hereby ordered to produce documents to Plaintiff in compliance with the Court's Order #567 regardless of whether the produced documents were previously seized pursuant to the seizure orders entered in this action.

5. The Amoi Defendants shall organize and label the produced documents to correspond with the categories in the request. If the Amoi Defendants produce documents in the manner in which they are kept in the ususal course of Defendants' businesses, Defendants shall number the documents and/or provide an index of the documents that correspond to the particular requests for production to which they apply.

6. The failure of the Defendants to comply with this Order may result in the imposition of sanctions pursuant to Fed.R.Civ.Pro. 37(b)(2), which sanctions may include an order that Defendants' answers be stricken and their default entered.

DATED this 20th day of March, 2007.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE