# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V., a Netherlands Corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KXD TECHNOLOGY, INC.; ASTAR ELECTRONICS, INC.; SHENZHEN KXD MULTIMEDIA CO., LTD.; SHENZHEN KAIXINDA ELECTRONICS CO., LTD.; KXD DIGITAL ENTERTAINMENT, LTD.; JINGYI LUO, a/k/a JAMES LUO; SUNGALE GROUP, INC.; SUNGALE ELECTRONICS (SHENZHEN), LTD.; AMOI ELECTRONICS, INC.; AMOI ELECTRONICS CO., LTD.; AMOI ELECTRONICS, LTD.; CHINA ELECTRONICS CORPORATION; AMOISONIC ELECTRONIC ELECTRONICS, INC.; INTERNATIONAL NORCET TECHNOLOGY, INC.; NORCENT HOLDINGS, INC.; SHANGHAI HONGSHENG TECHNOLOGY CO., LTD.; SHENZHEN NEWLAND ELECTRONIC INDUSTRY CO., LTD.; DESAY A&V (USA), INC.; DESAY A&V SCIENCE & TECHNOLOGY CO., LTD.; DESAY HOLDINGS CO., LTD.; XORO ELECTRONICS (SHANGHAI), LTD.; SHENZHEN XORO ELECTRONICS CO., LTD.; MAS ELEKTRONIK AG CORPORATION; SHENZHEN ORIENTAL DIGITAL TECHNOLOGY CO., LTD.; and JOHN DOES 1 THROUGH 20,<br><br>　　　　　　Defendants. | Case No.: 2:05-cv-01532-RLH-GWF<br>Case No.: 2:06-cv-00101-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Reconsideration–#629;<br>Motion to Strike) |

1   Before the Court is Defendant Shanghai Hongsheng Technology Co., Ltd.'s
2   ("Shanghai") **Motion to Reconsider the Denial of its Motion to Set Aside Entry of Default and**
3   **Motion to Quash for Insufficiency of Service of Process** (#629) (the "Motion"), filed May 9,
4   2007.  The Court has also considered Plaintiff's Opposition (#641), filed May 29, 2007, and
5   Defendant's Reply (#649), filed June 12, 2007.  On July 3, 2007, Defendant filed a Supplement to
6   the Motion (#665).  On August 9, 2007, Defendant filed a Second Supplement to the Motion
7   (#687).
8   Also before the Court is Plaintiff Philips' **Objection and Motion to Strike the**
9   **Supplement** (#670), filed July 18, 2007.
10  **BACKGROUND**
11  On May 2, 2007, this Court entered an Order ("Denial Order") (Order, Dkt. #625)
12  that denied Defendant's Motion to Set Aside Entry of Default and Motion to Quash for
13  Insufficiency of Service of Process (Mot., Dkt. #569) ("Motion to Set Aside").  The Denial Order
14  was based on Defendant Shanghai's failure to address the *prima facie* evidence on the record that
15  Defendant was actually served by the U.S. Marshals Service through somebody identified as "Hu
16  Yong Guang, Gen. Mgr."  (Dkt. #74.)
17  Defendant Shanghai now moves the Court to reconsider the Denial Order based on
18  evidence that Hu Yong Guang was never authorized to receive service on Defendant Shanghai's
19  behalf.  Plaintiff concedes this point but argues that Defendant Shanghai should remain in default
20  because Defendant Shanghai has not met the standard for reconsideration; and moreover,
21  Defendant Shanghai was allegedly served through Jennifer Long ("Ms. Long").
22  For the reasons stated below, the Court grants Defendant Shanghai's Motion to
23  Reconsider.  Furthermore, the Court vacates the Denial Order and grants Defendant Shanghai's
24  Motion to Set Aside.
25  ////
26  ////

**DISCUSSION**

**I.  Standard for Reconsideration**

A motion for reconsideration "should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration is an "extraordinary remedy, to be used sparingly." *Id.*

**Unusual circumstances**

The Court finds that this case presents an instance of highly unusual circumstances which merit reconsideration of the Denial Order.  There is no newly discovered evidence in Defendant Shanghai's motion; however, the newly presented evidence does address a previously unaddressed concern.  The Denial Order could be characterized as clear error because it was based on incorrect information.  However, the Court certainly did not commit clear error by relying on the record in making its decision.  There was no intervening change in the controlling law.

The highly unusual circumstances began with a considerable seizure at the 2006 International Consumer Electronic Show (the "Show") in Las Vegas, Nevada, on January 5, 2006.  Apparently the United States Marshals Service served process on Hu Yong Guang twice—once as the general manager of Defendant Shanghai (Dkt. #74) and once as the general manager of Defendant Shenzen Newland Electronic Industry Co., Ltd. ("Newland") (Dkt. #73).  However, as Plaintiff admits, the service of process on Hu Yong Guang was only effective as to Newland. (Opp'n 2.)  Hu Yong Guang is not the general manager of Defendant Shanghai.  This explains why Plaintiff tried to serve Defendant Shanghai again in August 2006 through Ms. Long.  (Opp'n 2.)  Any number of circumstances could have led to the ineffective service at the Show.  However, in writing the Denial Order, the Court relied entirely on the incorrect information that Defendant Shanghai was served at the Show.  All parties recognize the information is incorrect, therefore the Court finds it necessary to reconsider the Denial Order.

## II. Standard for Setting Aside Default

Because the Court grants Defendant Shanghai's Motion to Reconsider, now the Court must decide whether to set aside default. A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). Failure to properly serve a defendant with process pursuant to Fed. R. Civ. P. 4 constitutes good cause to set aside an entry of default. *See generally Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 425-26 (9th Cir. 1973) (failure to serve properly constituted a lack of jurisdiction to enter default judgment, thus default judgment was set aside); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where a plaintiff fails to serve process properly). The Court finds that process was never properly served on Defendant Shanghai and thus grants Defendant Shanghai's Motion to Set Aside Entry of Default and Motion to Quash Summons for Insufficiency of Service of Process (Dkt. #569).

**Plaintiff's Other Reasons for Sustaining the Default**

Plaintiff argues that the service effected on Ms. Long August 11, 2006, (Dkt. #417) should be sufficient as to Defendant Shanghai. The Court disagrees. The Supreme Court has held that it is a bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, *and* brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (emphasis added) (thirty-day time line to remove case to federal court did not begin when defendant received a file-stamped facsimile of the complaint, but only after formal service of process obliged defendant to engage in litigation).

There is no dispute that Defendant Shanghai is notified of the action and has been for some time; however, the Court finds that Plaintiff has failed to bring Defendant Shanghai under the Court's authority by formal process. The Court finds that in August 2006, Ms. Long was not a proper agent to accept service of process for Defendant Shanghai. Plaintiff describes many connections Ms. Long has to Shanghai: (1) her brother is the CEO of Shanghai; (2) she served on Shanghai's board of directors in the past; (3) she is CEO and fifty (50) percent owner of Norcent

1  which does distribution for Shanghai; and (4) in conjunction with her mother, not solely, Ms. Long
2  controls a minority share of Shanghai.  However, none of these connections qualifies Ms. Long as
3  a current officer, managing agent, general agent, or any other type of agent within the scope of
4  Fed. R. Civ. P. 4 to satisfy the requirements of service of process.  All these connections only
5  show that Ms. Long had the ability to notify Defendant Shanghai about the instant action; but the
6  ability to notify does not transform a person into an agent for receiving formal service of process
7  pursuant to Fed. R. Civ. P. 4.
8         Defendant has conceded that it will abide by service through the Hague convention.
9  (Reply 6.)  The Court will also allow Plaintiff to serve Defendant by publication.
10 **III.  Motion to Strike**
11        Plaintiff moves the Court to strike Defendant Shanghai's supplement to its Motion
12 to Reconsider.  However, striking the document would not change the Court's decision on the
13 Order to Reconsider.  Therefore, Plaintiff's Motion to Strike is denied as moot.
14                     **CONCLUSION**
15        Accordingly, and for good cause appearing,
16        IT IS HEREBY ORDERED that Defendant Shanghai's Motion to Reconsider the
17 Denial of its Motion to Set Aside Entry of Default and Motion to Quash for Insufficiency of
18 Service of Process (#629) is GRANTED as follows:
19          IT IS ORDERED that the Court's Denial Order (#625) is hereby VACATED.
20          IT IS FURTHER ORDERED that Defendant Shanghai's Motion to Set Aside Entry
21 of Default and Motion to Quash for insufficiency of Service of Process (#569) is GRANTED.
22          IT IS FURTHER ORDERED that The Clerk's Entry of Default as to Defendant
23 Shanghai (#434) is hereby VACATED.
24          IT IS FURTHER ORDERED that Defendant Shanghai has fifteen (15) days from
25 the entry of this Order to provide Plaintiff's counsel with an address and individual's name upon
26 whom to execute service of process.

AO 72
(Rev. 8/82)

5

1    IT IS FURTHER ORDERED that after fifteen (15) days, Plaintiff is Ordered to
2 mail a copy of the Summons and Complaint to Defendant Shanghai's last known address through
3 the post office.
4    IT IS FURTHER ORDERED that after fifteen (15) days from the entry of this
5 Order, Plaintiff may elect to serve process by publication in accord with Nev. R. Civ. P. 4(e)(1).
6 The Court finds that Defendant Shanghai resides out of the state, that a cause of action exists
7 against Defendant Shanghai, and that Defendant is a proper party to the action.  Publication will
8 only be required in a local Nevada newspaper because Defendants already have actual notice of
9 these proceedings.  This will constitute service on the Defendant.
10    IT IS FURTHER ORDERED that alternatively, Plaintiff may serve process on
11 Defendant Shanghai by using the Hague Convention.  This will also constitute service on the
12 Defendant.
13    IT IS FURTHER ORDERED that Defendant Shanghai's answer is due thirty (30)
14 days after service of process is completed by either of the aforementioned means.
15    IT IS FURTHER ORDERED that Plaintiff's Objection and Motion to Strike the
16 Supplement (#670) is DENIED as moot.

Dated: August 15, 2007.

_____
ROGER L. HUNT
Chief United States District Judge