1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9
10
11
12
13
14
15

| KONINKLIJKE PHILIPS ELECTRONICS N.V., a Netherlands corporation, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No.  2:05-cv-01532-RLH-GWF |
| vs. | ) ) | **ORDER** |
| KXD TECHNOLOGY, INC., et al., | ) ) | **(Motion to Compel Compliance with Protective Order - #630)** |
| Defendants. | ) ) ) | |

16      This matter is before the Court on Norcent's Motion to Compel Compliance With Protective

17  Order, For Attorneys' Fees and Costs and For Limited Discovery (#630), filed on May 9, 2007; Philips'

18  Opposition to Norcent's Motion to Compel Compliance with Protective Order, for Attorneys' Fees and

19  Costs and for Limited Discovery (#640), filed May 29, 2007; and Defendants' Reply in Support of

20  Norcent's Motion to Compel Compliance with the Protective Order, for Attorneys' Fees and Costs and

21  for Limited Discovery (#648), filed June 11, 2007.   The Court conducted a hearing in this matter on

22  July 24, 2007.

23                                          **BACKGROUND**

24      On or about March 3, 2006, Defendants International Norcent Technology, Inc. and Norcent

25  Holdings, Inc. ("Norcent") entered into a stipulated Protective Order (#195) with Plaintiff Koninklijke

26  Philips Electronics N.V. regarding the production of confidential documents between the parties in this

27  action.  Pursuant to the Protective Order, Norcent produced confidential documents to the Plaintiff.  On

28  January 29, 2007, Plaintiff accepted Norcent's offer of judgment in this case. *Notice of  Plaintiff*

1   *Koninklijke Philips Electronics N.V.'s Acceptance of Offer of Judgment* (#530).   Pursuant thereto, the

2   Court Clerk entered a judgment in favor of Plaintiff and against the Norcent Defendants on January 30,

3   2007.

4          Paragraph 22 of the Protective Order (#195) provides in part as follows:

5              Within forty-five (45) days after the final resolution of this action, all
               persons having received Confidential or Highly Confidential Material,
6              with the exception of the Court and its personnel, shall return such
               material and all copies thereof to counsel for the Producing Party or shall
7              certify to such counsel that such material has been destroyed.

8          Plaintiff and Norcent are the only parties to the Protective Order.   Paragraph 20 of the Protective

9   Order (#195) also provides that it does not govern any named parties in the action other than Philips or

10  Norcent and further provides that other parties "shall not have access to Confidential Material or Highly

11  Confidential Material, until they stipulate to the terms set forth herein or until the Court has entered a

12  protective order concerning their access and use of the same."   The Court is informed that the other

13  parties in this case have not stipulated to the terms of the Protective Order (#195).   The Court has also

14  not entered an order granting any other party access to and use of Norcent's confidential documents.

15  Since the settlement with Norcent, Plaintiff has also entered into a settlement agreement with the Amoi

16  Defendants.   *See Notice of Settlement* (#661), filed on June 28, 2007.   Plaintiff's action remains pending

17  against the KXD and Sungale Defendants.   Discovery is now closed.

18         On March 12, 2007, Norcent's counsel sent a letter to Plaintiff's counsel enclosing the payment

19  on the judgment and a satisfaction of judgment.   Pursuant to the foregoing provision of the Protective

20  Order, Norcent's counsel also requested that Plaintiff return all of Norcent's documents, including

21  documents seized by Plaintiff pursuant to the t's Temporary Restraining Order/Seizure Order (#39), no

22  later than March 17, 2007.   *Motion* (#630), *Exhibit 16.*   Norcent's counsel sent a follow-up letter on

23  March 20, 2007 demanding return of Norcent's documents.   *Id.*, *Exhibit 17.*   Plaintiff responded to

24  Norcent's counsel's second letter on March 22, 2007 by indicating that the return of documents

25  provision in the Protective Order did not apply to documents seized from Norcent pursuant to the

26  Court's seizure order.   Paragraph 8 of the Protective Order (#195), however, makes the materials seized

27  from Norcent subject to the provisions of the Protective Order.   Plaintiff further contended that under

28  paragraph 22 of the Protective Order, it is not required to return Norcent's documents until this case is

2

1  finally resolved as to all parties.  Because the case remains pending between Plaintiff and the other

2  Defendants, Plaintiff asserted that it is not required to return Norcent's documents at this time.

3  *Plaintiff's Opposition* (#640), *Exhibit 1.*

4        Paragraph 11 of the Protective Order (#195) also provides:

5        Confidential Material and Highly Confidential material shall only be used
         for purposes of this action and shall not be used in any other litigation,
6        arbitration or administrative or judicial proceeding.

7        In its Motion (#630), Norcent alleges that it has reason to believe that Plaintiff has violated this

8  provision of the Protective Order by using Norcent's Confidential Materials to identify Norcent's

9  customers and issuing subpoenas to them in another judicial proceeding.  *Motion* (#630), page 3,

10  *Exhibits 6-15.*  Norcent requests that Philips be ordered to comply with the provisions of the Protective

11  Order and cease using Norcent's confidential materials in other proceedings.  Additionally, Norcent

12  requests that it be allowed to depose Plaintiff's counsel to determine the full extent of Plaintiff's use of

13  Norcent's Confidential Materials to determine whether contempt proceedings are appropriate.  At the

14  hearing in this matter, Norcent's counsel requested, in the alternative, that Plaintiff should at least be

15  required to provide a sworn declaration that Plaintiff has not used Norcent's Confidential Materials in

16  violation of the Protective Order.   In its Opposition, Plaintiff denies that it has used Norcent's

17  Confidential Materials in other actions and objects to Norcent's request to depose Plaintiff's counsel as

18  an improper invasion of attorney-work product.

19                                          **DISCUSSION**

20        The Court agrees with the authorities cited by Plaintiff's Opposition (#640) that a protective

21  order based on a written agreement between the parties is subject to the rules of contractual

22  interpretation, including that the agreement should be enforced in accordance with the ordinary

23  meaning of the language used in the agreement, *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 418

24  (N.D. Ill. 2006), and should be given a reasonable or common sense interpretation in light of its

25  purposes.  *In re Dual-Deck Video Cassette Antitrust Lit.*, 10 F.3d 693, 695 (9th Cir.1993).  In this case,

26  the Protective Order provides that Norcent's documents must be returned "[w]ithin forty-five (45) days

27  after the final resolution of this action."  Broadly construed, this provision could reasonably be

28  construed to mean that Plaintiff is not obligated to return Norcent's documents until 45 days after this

3

action is resolved as to all parties.  In this connection, Plaintiff cites the Court to Rules 68 and 54 of the Federal Rules of Civil Procedure regarding final judgments.  Although there is a judgment between Plaintiff and Norcent, the action has not been finally resolved as to all parties.

On the other hand, it is also a reasonable construction of the Protective Order, in light of its purposes, that Norcent's Confidential Materials should be returned to it with 45 days after there is a final resolution of the action between the parties to the Protective Order, and Plaintiff has no further legitimate need in this action for retaining Norcent's Confidential Materials.  None of the other defendants in this case have stipulated to the terms of the Protective Order to obtain Norcent's Confidential Materials.  Nor has the Court entered any other order granting them access to Norcent's Confidential Materials.  The Amoi Defendants have settled with the Plaintiff.  The Court has not been provided with any information that the KXD or Sungale Defendants have requested production of Norcent's Confidential Materials.

In its Opposition (#640), Plaintiff asserts that "[s]ome of the documents produced by Norcent are highly relevant to Philips' claims against the KXD Defendants and against Shanghai Hong Sheng" and that "the documents produced by defendants in this action show that the defendants' infringing activities are interrelated." *Opposition* (#640), p. 3.  On the other hand, Plaintiff argued at the hearing in this matter that Norcent's documents are voluminous and that it will be required to undertake an undue burden to identify those Norcent documents which Plaintiff allegedly needs to retain to support its claims against the remaining defendants.  The Court finds Plaintiff's position that some of Norcent's documents are relevant to its claims against the remaining defendants, but that it would be too burdensome for Plaintiff to identify those documents, to be inconsistent.  Plaintiff has had possession of Norcent's Confidential Materials for a substantial time period such that it should have been able by this point in the litigation to identify those Norcent documents that it needs to retain in regard to its claims against the other Defendants.  If Plaintiff intends to use Norcent's confidential documents in its case against the remaining KXD and Sungale Defendants, then it needs to supplement its document disclosures under Rule 26(a)(1)(B) and give the KXD and Sungale Defendants the opportunity to execute the Protective Order (#195) in accordance with paragraph 20.

. . .

4

1    The Court therefore finds that Plaintiff should return Norcent's Confidential Materials, other

2   than those that Plaintiff reasonably needs to retain in order to prosecute its claims against the remaining

3   defendants, in light of the language of the Protective Order and a reasonable interpretation of its

4   purposes,. Accordingly, the Court will give Plaintiff thirty (30) days from the date this Order is filed to

5   identify to Norcent's counsel those Confidential Materials that Plaintiff needs to retain and to return to

6   Norcent the remaining Confidential Materials that it does not need in regard to its claims against the

7   remaining defendants.

8    Norcent has not made a sufficient showing justifying its request to depose Plaintiff's counsel on

9   the grounds that the witnesses subpoenaed by Plaintiff's counsel in the other action could have only

10   been identified by Plaintiff through use of Norcent's Highly Confidential customer list. There may be

11   other legitimate means by which Plaintiff has identified those witnesses. At this point, however, the

12   Court can only speculate what those means were. By agreeing to paragraph 11 of the Protective Order

13   (#195), however, Plaintiff's counsel is not protected by the attorney work-product doctrine from

14   reasonable inquiry into whether they have violated the Protective Order by using Norcent's confidential

15   information in other litigation. Because Norcent appears to have raised a reasonable question as to how

16   these witnesses were identified, it is entitled to more than a mere denial by Plaintiff's counsel that it has

17   not used Norcent's confidential customer list to identify its customers in the other action. The Court

18   will therefore order Plaintiff's counsel to provide a written explanation to Norcent describing, in at least

19   general terms, the means by which it identified the witnesses to give reasonable assurance that

20   Plaintiff's counsel did not violate the Protective Order in this case. If Plaintiff's counsel's explanation

21   is unsatisfactory, Norcent can request further relief from the Court as may be appropriate. Accordingly,

22    **IT IS HEREBY ORDERED** that Norcent's Motion to Compel Compliance With Protective

23   Order, For Attorneys' Fees and Costs and For Limited Discovery (#630) is **granted**, in part, and

24   **denied**, in part, as follows:

25    1.    Within thirty (30) days from the date this Order is filed, Plaintiff shall identify with

26   reasonable specificity to Norcent's counsel those Confidential Materials that Plaintiff needs to retain in

27   support of its claims against the remaining KXD and Sungale Defendants, and Plaintiff's counsel shall

28   return to Norcent the remaining Confidential Materials that it does not need in regard to its claims

5

against the remaining Defendants.

      2.     Within thirty (30) days from the date this Order is filed, Plaintiff's counsel shall also provide a written explanation to Norcent's counsel describing, in at least general terms, the means by which it identified the witnesses in the other action to give reasonable assurance that they did not violate the Protective Order in this case.  If Plaintiff's counsel's explanation is unsatisfactory, Norcent can request further relief from the Court as may be appropriate.

      3.     Given the reasonable alternative interpretations of the Protective Order regarding the return of documents, the Court does not find that an award of attorney's fees and costs is appropriate on this motion.

      DATED this 16th day of August, 2007.

GEORGE FOLEY, JR.
United States Magistrate Judge