<pre>
 1
 2
 3
 4
 5                          UNITED STATES DISTRICT COURT
 6                                 DISTRICT OF NEVADA
 7                                         * * *
 8  KONINKLIJKE PHILIPS ELECTRONICS      )   Case No.: 2:05-cv-01532-RLH-GWF
    N.V., a Netherlands Corporation,     )   Case No.: 2:06-cv-00101-RLH-GWF
 9                                       )
                  Plaintiff,             )              O R D E R
10                                       )
          vs.                            )   (Motion for Sanctions–#667; & Motion to
11                                       )                Strike–#688)
    KXD TECHNOLOGY, INC.; ASTAR          )
12  ELECTRONICS, INC.; SHENZHEN KXD      )
    MULTIMEDIA CO., LTD.; SHENZHEN       )
13  KAIXINDA ELECTRONICS CO., LTD.; KXD  )
    DIGITAL ENTERTAINMENT, LTD.; JINGYI  )
14  LUO, a/k/a JAMES LUO; SUNGALE GROUP, )
    INC.; SUNGALE ELECTRONICS            )
15  (SHENZHEN), LTD.; AMOI ELECTRONICS,  )
    INC.; AMOI ELECTRONICS CO., LTD.;    )
16  AMOI ELECTRONICS, LTD.; CHINA        )
    ELECTRONICS CORPORATION;             )
17  AMOISONIC ELECTRONIC ELECTRONICS,    )
    INC.; INTERNATIONAL NORCET           )
18  TECHNOLOGY, INC.; NORCENT            )
    HOLDINGS, INC.; SHANGHAI             )
19  HONGSHENG TECHNOLOGY CO., LTD.;      )
    SHENZHEN NEWLAND ELECTRONIC          )
20  INDUSTRY CO., LTD.; DESAY A&V (USA), )
    INC.; DESAY A&V SCIENCE &            )
21  TECHNOLOGY CO., LTD.; DESAY          )
    HOLDINGS CO., LTD.; XORO             )
22  ELECTRONICS (SHANGHAI), LTD.;        )
    SHENZHEN XORO ELECTRONICS CO.,       )
23  LTD.; MAS ELEKTRONIK AG              )
    CORPORATION; SHENZHEN ORIENTAL       )
24  DIGITAL TECHNOLOGY CO., LTD.; and    )
    JOHN DOES 1 THROUGH 20,              )
25                                       )
                  Defendants.            )
26  _____ )
</pre>

AO 72
(Rev. 8/82)

1

Before the Court is Defendants KXD Technology, Inc., Astar Electronics, Inc., KXD Digital Entertainment, Ltd., Shenzhen KXD Multimedia Co., Ltd., Shenzhen Kaixinda Electronics Co., Ltd., and Jingyi Luo's (collectively the "KXD Defendants") **Motion for Sanctions Against Plaintiff, Its Counsel, and Christopher Horgan Under Rule 11 of the Federal Rules of Civil Procedure** (#667) (the "Rule 11 Motion"), filed July 11, 2007. The KXD Defendants filed a Notice of Nonreceipt of Opposition (#678) on July 30, 2007. The Court has also considered Plaintiff Koninklijke Philips Electronics N.V.'s ("Philips") Opposition (#679), filed July 30, 2007, Plaintiff's Response to the KXD Defendants' Notice of Nonreceipt of Opposition (#682), and the KXD Defendants' Reply and Motion to Strike the Opposition as Untimely (#688), filed August 13, 2007.

**BACKGROUND**

On October 10, 2006, Plaintiff filed a motion for civil contempt sanctions ("Contempt Motion") against the KXD Defendants. (Dkt. #424.) Some of the sanctions Plaintiff requested were damages from lost profits, royalties, and damages resulting from the KXD Defendants' selling, offers to sell, and distribution of counterfeit goods in violation of the Lanham Act and this Court's injunctive orders. The matter was fully briefed and oral argument was held on January 26, 2007. (Dkt. #544.) The Court issued an order on February 12, 2007, ("Contempt Order") granting in part and denying in part the Contempt Motion. (Dkt. #541, Contempt Order.)

A portion of the Contempt Order utilized the Lanham Act to calculate damages based on the evidence presented in the moving documents and at the hearing. (*Id.* at 5-7.) The Contempt Order specifically referred to the profits lost and the damages resulting from selling, offers to sell, and distribution of the allegedly infringing products. (*Id.* at 6-7.) The Court also referenced Plaintiff's arguments as to royalties losses. (*Id.*) The Court found that "royalties losses and other damages could easily surpass $428,030.00 for the infractions" discussed in the Contempt Order. (*Id.* at 7.) However, the Court withheld from finding a higher amount of damages or lost profits because Plaintiff had only specifically requested the lower amount in the Contempt Motion.

The KXD Defendants now move to impose sanctions on Plaintiff, Plaintiff's Counsel, and Christopher Horgan, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for providing false information to the Court concerning the value of the infringed trademark. However, for the reasons discussed below, the Rule 11 Motion is denied.

## DISCUSSION

### I. Motion to Strike

Local Rule 7-2(b) states that "[u]nless otherwise ordered by the court, points and authorities in response shall be filed and served by an opposing party fifteen (15) days after service of the motion." KXD Defendants filed the Rule 11 Motion on July 11, 2007. All the papers were served personally on Plaintiff's counsel twenty-one (21) days earlier on June 20, 2007, to comply with the safe harbor provisions of Rule 11. Fed. R. Civ. P. 11. On July 30, 2007, four days after the Opposition was due, the KXD Defendants filed a Notice of Nonreceipt of Opposition. Later that day, Plaintiff filed its Opposition.

Because Plaintiff filed its Opposition the same day the KXD Defendants filed their Notice of Nonreceipt of Opposition, the Court finds that there was no attempt to delay the proceedings in this case. Therefore the Court, in its discretion, accepts the Opposition and denies the Motion to Strike.

### II. Rule 11 Motion

*Standard*

Rule 11 authorizes sanctions for presentations to a court that through a reasonable inquiry would have been found to be improper, unwarranted, frivolous, or lacking an evidentiary basis. Fed. R. Civ. P. 11(b). Rule 11 sanctions apply to an attorney or unrepresented party who signs, files, submits, or later advocates the "pleading, written motion, or other paper" of concern to the court. *Id.*

////

////

AO 72
(Rev. 8/82)

*Improper Attempt at Reconsideration*

KXD Defendants claim Plaintiff's Contempt Motion provides grounds for sanctions. (Dkt. #424.) The Contempt Motion asserted that Plaintiff "receives a royalty of $25 per recorder manufactured to record on DVD+R/+RW and DVD-R/-RW discs" and "$15 per recorder manufactured to record on DVD+R/+RW discs with the DVD-Video playback feature (Horgan Decl., ¶ 9)." (Dkt. #424, Contempt Mot. 25, ll. 14-17).

KXD Defendants argue that this is a deliberate misrepresentation because the Horgan Declaration cited by Plaintiff in support of its Contempt Motion actually states that the royalty rate is for units *sold* not *manufactured* (*see* Dkt. #667, Rule 11 Mot. 2.); and further, that the declared royalty rates are for the patents, not the trademark. (*See generally id.*) The theory is that the trademark use is free because it is included in the cost to use Philips' patents. (*Id.* at 2).

The KXD Defendants have presented this same argument before in their opposition to Plaintiff's Contempt Motion (Dkt. #444, Opp'n, 3-5, 8-11; *Id.*, Decl. of Akel, Ex. 3), at the hearing on the Contempt Motion (Dkt. #544, Tr. 33-34), at the hearing for stay (Dkt. #579, Tr. 14-15), in the opposition to Plaintiff's second motion for contempt sanctions ("Second Contempt Motion") (Dkt. #618, Opp'n to Second Contempt Mot. 7-10) (explicitly encouraging the Court to issue Rule 11 sanctions for the misrepresentations), and again at the hearing on Plaintiff's Motion to Freeze Assets (Hrg. Aug. 20, 2007). The Court understood the KXD Defendants' argument each time it was made, but the repetition does not cause the Court to reconsider its opinion.

Furthermore, the KXD Defendants have evidenced only a cursory understanding of the Court's Contempt Order. For example, counsel for the KXD Defendants argued in Court that the Court "made a finding" of "a royalty rate of $25." (Dkt. #579, Tr. 14.) However, in the Contempt Order, the Court specifically stated: "The Court is not prepared to make a finding as to the precise royalties losses or damages at this time." (Dkt. #541, Contempt Order 6.) Another example is that the Contempt Order specifically denied Plaintiff's motion to fine KXD Defendants $25,000 for any future violation. (*Id.* at 8, 11.) However, the KXD Defendants asserted in their

opposition to the Second Contempt Motion that the Contempt Order "further authorized sanctions in the amount of $25,000.00 for any *future* violations of the TRO and PI." (Dkt. #618, Opp'n 2) (emphasis in original). Given this evidence, the Court questions how closely the KXD Defendants' counsel actually read the Contempt Order. Therefore, the Court will not explain itself yet again concerning the Court's finding on damages in the Contempt Order, but refers the KXD Defendants to the language used previously.

The Court finds that the Rule 11 Motion is in reality just another attempt at reconsideration of the Contempt Order. The Court was aware of and considered the KXD Defendants' arguments as to the illegitimacy of the trademark valuation when the Contempt Order was issued. The argument bears consideration, not to be confused with reconsideration, and therefore the Court will not grant Plaintiff's request to issue Rule 11 Sanctions against the KXD Defendants for the Rule 11 Motion. However, the Court also denies the KXD Defendants' Rule 11 Motion because the information and arguments presented therein have been previously considered by the Court. Reconsideration at this point is also improper since the Court's use of the Lanham Act in structuring the Contempt Order is currently on appeal. (Dkt. #549.)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that KXD Defendants' Motion to Strike (#688) is DENIED.

IT IS FURTHER ORDERED that KXD Defendants' Motion for Rule 11 Sanctions (#667) is DENIED.

Dated: August 27, 2007.

_____
ROGER L. HUNT
**Chief United States District Judge**