|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V., a Netherlands Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>KXD TECHNOLOGY, INC.; ASTAR ELECTRONICS, INC.; ASTAR ELECTRONICS USA, INC.; SHENZHEN KXD MULTIMEDIA CO., LTD.; SHENZHEN KAIXINDA ELECTRONICS CO., LTD.; KXD DIGITAL ENTERTAINMENT, LTD.; JINGYI LUO, a/k/a JAMES LUO; FUSHENG LIU, a/k/a LIU FUSHENG, a/k/a FU SHENG LIU; SUNGALE GROUP, INC.; SUNGALE ELECTRONICS (SHENZHEN), LTD.; AMOI ELECTRONICS, INC.; AMOI ELECTRONICS CO., LTD.; AMOI ELECTRONICS, LTD.; CHINA ELECTRONICS CORPORATION; AMOISONIC ELECTRONIC ELECTRONICS, INC.; INTERNATIONAL NORCET TECHNOLOGY, INC.; NORCENT HOLDINGS, INC.; SHANGHAI HONGSHENG TECHNOLOGY CO., LTD.; SHENZHEN NEWLAND ELECTRONIC INDUSTRY CO., LTD.; DESAY A&V (USA), INC.; DESAY A&V SCIENCE & TECHNOLOGY CO., LTD.; DESAY HOLDINGS CO., LTD.; XORO ELECTRONICS (SHANGHAI), LTD.; SHENZHEN XORO ELECTRONICS CO., LTD.; MAS ELEKTRONIK AG | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:05-cv-01532-RLH-GWF<br>Case No.: 2:06-cv-00101-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Set Aside Entry of Default–#809) |

AO 72
(Rev. 8/82)

1

```
1  CORPORATION; SHENZHEN ORIENTAL      )
   DIGITAL TECHNOLOGY CO., LTD.; and   )
2  JOHN DOES 1 THROUGH 20,             )
                                       )
3            Defendants.               )
                                       )
4
```

Before the Court is Defendant Fusheng Liu's **Motion for Relief from Default and to Quash Service of Summons and Complaint** (#809) (the "Motion"), filed December 17, 2007. The Court has also considered Plaintiff's Opposition (#814), filed January 4, 2008, and Defendant's Reply (#816), filed January 15, 2008.

## BACKGROUND

Defendant is President of corporations KXD Digital Entertainment, Ltd., Shenzhen KXD Multimedia Co., Ltd. and Shenzhen Kaixinda Electronics Co., Ltd; and is the former President of KXD Technology, Inc. All these corporations are currently Defendants in the instant case.

On September 19, 2007, the Court granted Plaintiff's motion to amend the Complaint to add Fusheng Liu as a Defendant. The First Amended Complaint ("FAC") was filed on September 27, 2007. Summons was issued on October 1, 2007. On October 2, 2007, Plaintiff left a copy of the Summons and FAC at Fusheng Liu's home located at 1825 Carlisle Drive, San Marino, California 91108, with a person named Annie An. Annie An is either the nanny or babysitter of Defendant's children. Defendant was not at home at the time service was made, but his wife and children were. On October 3, 2007, Plaintiff mailed the same papers to the San Marino address.

On November 8, 2007, Plaintiff moved for entry of Clerk's default against Defendant. On November 9, 2007, the Clerk entered default against Fusheng Liu. On December 17, 2007, Defendant brought the instant Motion to set aside default and quash service of process.

For the reasons stated below the Court grants Defendant's Motion. The Court also gives Plaintiff leave to serve Defendant by publication.

2

**DISCUSSION**

**I.  Standard for Setting Aside Default**

A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). Failure to properly serve a defendant with process pursuant to Fed. R. Civ. P. 4 constitutes good cause to set aside an entry of default. *See generally Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 425–26 (9th Cir. 1973) (failure to serve properly constituted a lack of jurisdiction to enter default judgment, thus default judgment was set aside); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where a plaintiff fails to serve process properly). The Court finds that process was never properly served on Defendant Fusheng Liu and thus grants the Motion to Set Aside Entry of Default and Motion to Quash Service of Process (Dkt. #809).

   *A.  Service of Summons and Complaint*

Plaintiff argues that the service effected on Ms. Annie An on October 2, 2007, should be sufficient as to Defendant. Plaintiff also contends that because Defendant was aware of the litigation default should not be set aside. The Court disagrees. The Supreme Court has held that it is a bedrock principle that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, *and* brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (emphasis added) (thirty-day time line to remove case to federal court did not begin when defendant received a file-stamped facsimile of the complaint, but only after formal service of process obliged defendant to engage in litigation).

There is no dispute that Defendant Fusheng Liu is aware of the action and has been for a long time; however, only recently was Fusheng Liu named as a Defendant in the FAC and the Court finds that Plaintiff has failed to bring him under the Court's authority by formal process.

////

////

**(1) Rules Governing Service Upon Individuals Within United States**

Federal Rule of Civil Procedure ("FRCP") 4 governs service of process. According to FRCP 4(e) service may be made upon individuals within the United States according to FRCP 4(e)(2) or by the laws of the state (a) where the action is pending, or (b) where the defendant is served. Therefore, compliance with either the Federal, Nevada or California rules of service upon an individual within the United States apply to Defendant. Each set of rules allows for service by satisfying three basic elements: (a) by leaving copies of the Summons and Complaint at the defendant's "dwelling" or "usual place of abode"; (b) with someone "of suitable age and discretion" or who is "competent . . .[and] at least 18 years of age"; and (c) who "resides", is "residing" or is a "member of the household." *See* Fed. R. Civ. P. 4(e)(2)(B), Nev. R. Civ. P. 4(d)(6), Cal. C. Civ. P. § 415.20(b).

*(a) Dwelling or Usual Place of Abode*

The Court finds that under any of these sets of rules that the San Marino property is a dwelling or usual place of abode for Defendant. There is no dispute that he visits the property multiple times throughout the year. There is also no dispute that his wife and children were there for at least half of last year, including the time of service. There is no dispute that he owns the residence. Therefore, the Court finds that the San Marino property satisfies this element of the rules. *See Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991) for the proposition that a person can have more than one dwelling house or usual place of abode for purposes of the rule).

*(b) Someone of Suitable Age, Discretion, and Competency*

No one disputes whether Annie An was of suitable age, discretion, or competency. Therefore, the Court finds that this element is satisfied.

*(c) Resides, Residing, or is a Member of the Household*

This element is where Plaintiff has failed to meet its burden of proper service. There is no admissible evidence that Annie An resided, or was a member of the household, at the

time of service. Plaintiff only submits the declaration of Tim Santoni as evidence that Annie An was a resident. On September 21, 2007, Mr. Santoni was searching the San Marino home for counterfeit products. He states in his declaration: "During my search, I was informed that one of the rooms in the household belonged to 'the children's nanny.' . . . When we looked in the nanny's room, it was clear that someone was living there, as there were woman's clothes in drawers and other personal belongings in the room." (Dkt. #814, Santoni Decl. ¶ 4.)

Therefore, the only evidence that the Annie An resided in the home is based on inadmissible hearsay. There is also no foundation as to who told Mr. Santoni this information. Furthermore, Defendant submits the declaration of his wife Qin Zhou which states that the clothes and personal belongings in the room are hers. (Dkt. #816, Zhou Decl. ¶ 12.) Zhou also declares that Annie An did not reside in the San Marino home. (*Id.* at ¶ 6.)

Because there is no admissible evidence that Annie An is a resident or member of the household, the Court finds that she does not satisfy the third element of the relevant service statutes. The Court therefore finds the service was improper. Therefore, Defendant's Motion is granted.

Given the difficulty presented in serving Defendant, the Court will allow Plaintiff to serve Defendant by publication. The Court finds that Defendant resides out of the state, that a cause of action exists against him, and that he is a proper party to the action.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Fusheng Liu's Motion to Set Aside Entry of Default and Motion to Quash Service of Process (#809) is GRANTED as follows:

IT IS FURTHER ORDERED that the Clerk's Entry of Default (#801) is hereby VACATED and service of process is QUASHED only as to Defendant Fusheng Liu.

IT IS FURTHER ORDERED that Plaintiff shall mail another copy of the Summons and Complaint to Fusheng Liu's San Marino home address through the post office.

AO 72
(Rev. 8/82)

IT IS FURTHER ORDERED that Plaintiff may serve process by publication in accord with Nev. R. Civ. P. 4(e)(1). Publication will only be required in a local Nevada newspaper because Defendants already have actual notice of these proceedings. Therefore, the publication shall run once a week, in the Las Vegas Review-Journal or Las Vegas Sun for a period of four weeks. This will constitute service on the Defendant.

IT IS FURTHER ORDERED that Fusheng Liu's answer is due twenty (20) days after service of process is completed.

Dated: February 4, 2008.

_____
**ROGER L. HUNT**
**Chief United States District Judge**