# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KONINKLIJKE PHILIPS ELECTRONICS N.V., a Netherlands corporation,

        Plaintiff,

vs.

KXD TECHNOLOGY, INC., *et al.*,

        Defendants.

Case No. 2:05-cv-01532-RLH-GWF

**ORDER & FINDINGS AND RECOMMENDATION**

**Motion to Withdraw as Counsel - #967**

    This matter is before the Court on Harmon & Davies, P.C.'s Motion to Withdraw as Counsel of Record for Defendants Amoi Electronics Inc., Amoi Electronics Co., Ltd., and Amoi Electronics, Ltd. and to Adjudicate Attorney's Lien (#967), filed on December 31, 2008. To date, neither Defendants nor Plaintiff's counsel has filed oppositions to this motion, and the time for opposition has now expired. Furthermore, the movant substantially establishes good cause for the withdrawal.

## **BACKGROUND AND DISCUSSION**

    On December 23, 2008, the law firm of Harmon & Davies, P.C. filed its Notice of Attorney's Lien against Defendants Amoi Electronics Inc., Amoi Electronics Co., Ltd., and Amoi Electronics, Ltd. (collectively, "Amoi Defendants"). In its motion, Defendants' counsel, Harmon & Davies, P.C. request that the Court adjudicate its attorney's lien and issue a judgment against the Amoi Defendants for attorney's fees and costs in the amount of $15,919.10 for legal services rendered in behalf of the Amoi Defendants.

    Pursuant to N.R.S. 18.015(1), "[a]n attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in his hands by client for suit or collection, or upon which a suit or other action has been instituted." In this case,

Harmon & Davies, P.C. was retained to represent the Amoi Defendants in the lawsuit brought against them by Plaintiff. There is no indication that the Amoi Defendants had a claim, demand or cause of action against Plaintiff. Because there was no claim, demand or cause of action, there is no basis for a lien under N.R.S. 18.015. Because there is no lien, there is no basis for a judgment under that statute.

Harmon & Davies, P.C. is not without a remedy. The Supreme Court of Nevada has held that "'[t]he attorney's right to be paid is not based upon, or limited to, his lien'; instead it is based upon an express or implied contract, and '[t]he lien is but security for [the attorney's] right.'" *Bero-Wachs v. Law Officer of Logar & Pulver*, 123 Nev. 71, 157 P.3d 704, 706 (2007), quoting *Sharman v. Goldwater, Taber and Hill*, 80 Nev. 536, 540, 396 P.2d 847, 849 (1964). Harmon & Davies, P.C. can file an action against the Amoi Defendants for breach of contract to recover its fees and costs. *See Ecomares, Inc. v. Ovcharik*, 2007 WL 1933573, *3 (D. Nev. 2007); *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 197 P.3d 1051 (2008) ("[A]ttorneys are not required to assert their fee claims in the action in which they are incurred but instead may file an independent action to recover their fees ... "). Accordingly,

**IT IS HEREBY ORDERED** that Harmon & Davies, P.C.'s Motion to Withdraw as Counsel of Record for Defendants Amoi Electronics Inc., Amoi Electronics Co., Ltd., and Amoi Electronics, Ltd. (#967) is **granted**.

**IT IS FURTHER ORDERED** that Starr H. Arvay shall provide a copy of this Order to Defendants Amoi Electronics Inc., Amoi Electronics Co., Ltd., and Amoi Electronics, Ltd., along with proof of service to this Court.

**IT IS FURTHER ORDERED** that the Defendants Amoi Electronics Inc., Amoi Electronics Co., Ltd., and Amoi Electronics, Ltd. shall have until **February 20, 2009,** to retain new counsel. A corporation may appear in federal court only through licensed counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). If Defendants intend to continue to defend this matter, it is required to obtain legal counsel.

**IT IS FURTHER ORDERED** that the Clerk shall add the last known address of Defendants Amoi Electronics Inc., Amoi Electronics Co., Ltd., and Amoi Electronics, Ltd. to the civil docket at 7400 Artesia Blvd. #1408, Buena Park, CA 90621.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Harmon & Davies, P.C.'s Motion to Adjudicate Attorney's Lien (#967) should be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of January, 2009.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge